# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINALD CURRY**<br><br>                    **Petitioner,**<br><br>**v.**<br><br>**THERESA DELBALSO,** *et al.*<br><br>                    **Respondents.** | **CIVIL ACTION NO. 19-2535** |

## ORDER

Reginald Curry filed a *pro se* petition under 28 U.S.C. § 2254, arguing that his constitutional rights were violated when he pleaded guilty and was sentenced in Pennsylvania state court for multiple counts of robbery. The petition was referred to Magistrate Judge Carol Sandra Moore Wells, who issued a Report and Recommendation (R&R) that the petition be denied. Petitioner has filed objections to the R&R.[1]

As set forth in the R&R, Petitioner properly exhausted claims that Petitioner's trial counsel induced him to plead guilty, and that trial counsel was ineffective for failing to (a) challenge a suggestive photo array, (b) request a lineup, and (c) assert a lack of probable cause for the arrest.[2] The Superior Court rejected the first claim, holding that the record showed that

---

[1] In evaluating the objections, the Court's review of the R&R is *de novo*, but it is much more constrained as to the findings of the state courts. As the Court of Appeals recently restated, § 2254 "requires federal courts to give due regard to state court rulings. Where the state court has adjudicated the merits of a petitioner's habeas claims, federal habeas relief is available only if the state court's decision was (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Becker v. Sec'y Pa. Dep't of Corr.*, 28 F.4th 459, 460 (3d Cir. 2022) (quoting 28 U.S.C. § 2254(d)). The reasonableness determination turns on a consideration of the totality of the evidence presented in the state-court proceedings, and the presumption of correctness to the state courts' factual determinations. *See Lambert v. Blackwell*, 387 F.3d 210, 235 (3d Cir. 2004) (citing §§ 2254(d)(2), 2254(e)(1)).

[2] R&R at 2. The Court can only review claims that were properly raised and exhausted in the state courts, unless Petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner participated in a guilty plea colloquy that "demonstrated that he understood the nature of the charges to which he was pleading guilty; indicated that the Commonwealth's factual basis for the plea was correct; confirmed that he understood that he had a right to a trial with or without a jury, and would be presumed innocent until found guilty; represented that he was informed of the permissible range of sentences and/or fines for the offenses at issue; and expressed that he was aware that the judge was not bound by the terms of the plea agreement unless the judge decided to accept it."[3] Petitioner argues in his objections that he felt pressured to plead guilty and relied on incorrect information from his counsel.[4] However, because the Superior Court's analysis conformed to the standard established by the United States Supreme Court for determining that a plea was knowing and voluntary, Petitioner has not shown a basis for relief under § 2254.[5]

In rejecting the exhausted claims of ineffective assistance of counsel, the Superior Court determined that Petitioner had not shown "a reasonable likelihood the outcome of the proceedings would have been different" if counsel had pursued the challenged actions.[6] This state-law standard is fully consistent with the standard established by the United States Supreme Court in *Strickland v. Washington.*[7]

---

[3] *Commonwealth v. Curry*, No. 1923 EDA 2005 slip op. at 10 (Pa. Super. Ct. May 31, 2005) (citations to the record omitted).

[4] Pet'r's. Obj. at 2.

[5] S*ee McCarthy v. United States*, 394 U.S. 459, 466 (1969).

[6] *See Commonwealth v. Curry*, No. 1923 EDA 2005 slip op. at 11 (Pa. Super. Ct. May 31, 2005) (citation omitted).

[7] 466 U.S. 668, 694 (1984) (holding that a defendant is entitled to relief if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Petitioner also states in his objections that the R&R incorrectly concluded that the state court correctly applied the *Strickland* standard with regard to the claim that counsel failed to file a requested appeal.[8] However, the R&R did not assess the claim that trial counsel was ineffective for failing to file a direct appeal under *Strickland*. Instead, the R&R concluded that this claim was procedurally defaulted because Petitioner failed to raise it in the PCRA petition.[9] As Petitioner did not allege any cause or prejudice to excuse the default, or provide new, reliable evidence of actual innocence, the R&R correctly determined that this claim cannot be adjudicated upon federal habeas review.[10] Similarly, the claims that the trial court interfered in the negotiation of the plea agreement and that Petitioner was coerced into accepting a longer sentence than originally agreed were raised for the first time in the PCRA appeal and therefore were not properly presented to the state courts and cannot be considered on federal habeas review.[11] The Court will overrule the objections and approve the R&R.

**AND NOW,** this 6th day of October 2022, upon consideration of the Report and Recommendation of the Honorable Carol Sandra Moore Wells, and Petitioner's objections thereto, it is hereby **ORDERED** that:

1. The Clerk of Court is directed to **REMOVE** the case from Civil Suspense;

2. The Objections are **OVERRULED**;

3. The Report and Recommendation [Doc. No. 23] is **APPROVED and ADOPTED**; and

---

[8] Pet'r's. Obj. at 2.

[9] R&R at 4 (citing *Commonwealth v. Curry*, No. 1923 EDA 2005 slip op. at 8-9 (Pa. Super. Ct. May 31, 2005)).

[10] R&R at 4.

[11] R&R at 4.

3.      The Petition will be dismissed by separate order.

It is so **ORDERED**.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE, J.**